IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JUSTIN DALE BARTO, #1863449 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv486 |
| | | CONSOLIDATED WITH |
| DIRECTOR, TDCJ-CID | § | NOS. 4:16cv487, 4:16cv488 |

ORDER OF DISMISSAL

Petitioner Justin Dale Barto, a prisoner confined in the Texas prison system, filed the above-styled and numbered petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitions were referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt. #21) concluding that the petitions should be denied. Barto has filed objections (Dkt. #27).

Barto is challenging his Collin County convictions for two counts of continuous sexual abuse of a young child and two counts of indecency with a child by contact. On May 23, 2013, after a jury trial, Barto was sentenced to life imprisonment on both continuous sexual abuse of a young child convictions and twenty years of imprisonment on both indecency with a child by contact convictions. The convictions were affirmed. *Barto v. State*, Nos. 13-13-00384-CR, 13-13-00385, 13-13-00386-CR, 2014 WL 895511 (Tex. App. - Edinburg March 6, 2014, no pet.). On June 1, 2016, the Texas Court of Criminal Appeals denied his applications for a writ of habeas corpus without written order on findings of the trial court without a hearing.

The present proceedings were begun on June 30, 2016. Barto brings ten claims of ineffective assistance of counsel. The Magistrate Judge thoroughly addressed each claim and found they lack merit. Barto's objections are simply brief reassertions of the claims raised in his petitions.

1

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and the petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in actual prejudice. *Id.* at 687. To satisfy the prejudice prong, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697.

In the present case, Barto has not shown in either his petition or in his objections that his attorney's performance was deficient or that he was prejudiced by deficient representation. Moreover, he admits in his objections that the state court repeatedly found that the evidence of guilt was overwhelming; thus, he cannot show prejudice. He is not entitled to relief.

Barto is not entitled to relief for the additional reason he failed to show, as required by 28 U.S.C. § 2254(d), that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Finally, Barto is not entitled to relief because he failed to overcome the "doubly" deferential standard that must be accorded to his trial attorney in light of both *Strickland* and § 2254(d). *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* "If the standard is difficult to meet, that is because it was meant to be." *Id.* at 102. In its findings, the state court provided reasonable arguments that satisfied *Strickland*'s deferential standard. He is not entitled to federal habeas corpus relief.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Barto to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Barto's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petitions for a writ of habeas corpus are **DENIED** and the cases are **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 18th day of June, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE